IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OWLIA PROPERTIES, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:17-cv-00988-O-BP |
| BANK OF AMERICA, N.A., | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Second Amended Motion to Dismiss Plaintiff's Original Petition Pursuant to Fed. R. Civ. P. 12(b)(6) filed June 27, 2018. (ECF No. 14). United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on June 26, 2018. (ECF No. 12). After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Second Amended Motion to Dismiss (ECF No. 14) and **DISMISS** this action **with prejudice**.

**BACKGROUND**

Plaintiff Owlia Properties, LLC ("Owlia") sued Defendant Bank of America, N.A. ("BOA") to quiet title and for injunctive relief to prevent BOA's foreclosure sale of the property located at 7404 Durness Drive, Fort Worth, Texas, 76179 (the "Property"). (ECF No. 1). On December 12, 2017, BOA timely removed the case to this Court on the basis of diversity jurisdiction. (*Id.*).

The following facts are derived entirely from Owlia's state court petition (ECF No. 1-5). Gerald Bell ("Bell") initially purchased the Property on or about May 29, 2008. (*Id.* at 4). On December 6, 2016, Owlia purchased the Property at an assessment lien sale conducted on behalf

of a homeowners association. (*Id.* at 5). Owlia admits that it was on notice before the sale of a prior recorded deed to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Summit Funding, Inc. ("Summit"). (*Id.*).

Owlia alleges that there is no assignment recorded in the real property records of Tarrant County, Texas evidencing the assignment from MERS or Summit to BOA. (*Id.*). Owlia claims that because there is no recorded assignment, then BOA is not the true owner of the deed of trust and, therefore, does not have standing to enforce it. (*Id.*). Owlia asserts claims to quiet title to the Property and for injunctive relief to prevent BOA's foreclosure sale. (*Id.* at 6).

BOA filed its second amended motion to dismiss on June 27, 2018. Attached to that pleading are true copies of the original promissory note in favor of Summit, a deed of trust securing the note executed by Bell in favor of MERS as nominee for Summit, and an assignment of the deed of trust from MERS to BOA file stamped on September 23, 2011 and recorded in the Real Property Records of Tarrant County, Texas as Instrument Number D211231209. (ECF No. 14). The Court granted Owlia additional time to respond to BOA's motion to dismiss on June 27, 2018, (ECF No. 15), but Owlia did not file any response. The motion is now ripe for decision.

## LEGAL STANDARD

When a case is removed to federal court, the pleading standard from the state court applies to the pleadings on file when the case is removed. *Rendon v. Walgreens*, 144 F. Supp. 3d 894, 896 (N.D. Tex. 2015). Texas Rule of Civil Procedure 91a governs disposition of cases with "no basis in law or fact." Tex. R. Civ. P. 91a. Although Rule 91a is not identical to Federal Rule of Civil Procedure 12(b)(6), several Texas Courts of Appeals have applied case law interpreting Rule 12(b)(6) to Rule 91a. *See Wooley v. Schaffer,* 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont

2

2014, pet. denied); *Aguilar v. Morales*, 545 S.W.3d 670, 676 (Tex. App.—El Paso 2017, pet. denied); *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 612 (Tex. App.—Corpus Christi 2017, no pet.) (noting Texas Courts of Appeals have interpreted Rule 91a as essentially calling for a Rule 12(b)(6)-type analysis while also noting the pleading standard in Texas is "fair notice," which is more lenient than the standard under the Federal Rules of Civil Procedure).

Because Owlia initially filed this suit in Texas state court and has not amended its pleading, the undersigned will apply Texas' "fair notice" pleading standard under Texas Rule of Civil Procedure 45(b). *See Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946–47 (5th Cir. 2014) (federal rules apply to civil actions after removal from state court, but do not provide for retroactive application to the procedural aspects of a case that occurred in state court prior to removal) (citing Fed. R. Civ. P. 81(c)(1)); *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000) (considering sanctions and holding that "federal rules do not apply to filings in state court, even if the case is later removed to federal court"). The Texas "fair notice" pleading standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000); s*ee* Tex. R. Civ. P. 45(b) ("That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole."). Rule 45(b) requires that the pleading "consist of a statement in plain and concise language of the plaintiff's cause of action."

Under the federal rules, to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Compare with* Tex. R. Civ. P. 91a ("A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the

3

claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.").

In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). As stated above, under Texas Rule 91a.1, a cause of action may be dismissed if it has "no basis in law or fact." Thus, the federal pleading standards are more stringent than the Texas "fair notice" standard. However, the difference between the federal and Texas pleading standards is not dispositive here because under Texas' more lenient standard Owlia fails to state a viable claim.

"Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Therefore, in ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in

4

the plaintiff's complaint and are central to her claim[s]." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). Documents in these categories may properly be considered without converting the motion to dismiss into a motion for summary judgment. *Judy Chou Chiung-Yu Wang v. Prudential Ins. Co. of Am.*, 439 F. App'x 359, 363 (5th Cir. 2011) (per curiam) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (stating a district court may permissibly considered matters of public record in deciding a 12(b)(6) motion to dismiss)).

## ANALYSIS

BOA seeks dismissal of Owlia's petition because the claims are conclusory and self-serving, unsupported by factual allegations, contrary to well-established Fifth Circuit precedent, barred as a matter of law, and otherwise fail to state a plausible claim for relief. (ECF No. 14 at 2). Therefore, BOA requests the Court to dismiss Owlia's claims with prejudice. (*Id.*). As stated above, Owlia did not respond to BOA's motion to dismiss.

**I.    The complaint should be dismissed because Owlia did not properly support its Complaint.**

To prevail on a claim for quiet title, the plaintiff must prove: (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012) (citing *U.S. Nat. Bank Ass'n v. Johnson*, 2011 WL 6938507, at *3 (Tex. App—Houston [1st Dist.] Dec. 30, 2011) (citations omitted)). In a suit to quiet title, a plaintiff "must allege right, title, or ownership in [it] with sufficient certainty to enable the court to see [that] [it] has a right of ownership that will warrant judicial interference." *Hurd*, 880 F. Supp. 2d at 767–68 (quoting *Wright v. Matthews,* 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied) (quotation omitted)). "A plaintiff in a suit to quiet title must prove and recover

5

on the strength of his own title, not the weakness of his adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

Owlia alleges that it purchased the Property in an assessment lien sale and that Bell delivered the warranty deed to Owlia in December 2016. Owlia admits that it knew of a prior recorded deed of trust but alleges there is no proper assignment to BOA from Summit recorded in the Real Property Records of Tarrant County, Texas. Thus, Owlia does not contest the validity of the deed of trust. Instead, it alleges that BOA is not the true owner of the deed of trust and, therefore, cannot enforce it. Nor does Owlia claim its title to the Property is superior to that established in the deed of trust. Thus, Owlia is not asserting that it can recover on the strength of its own title but, instead, attacks the alleged weakness of BOA's ownership of the deed of trust. Accordingly, even when taking Owlia's allegations as true, it did not plead an action to quiet title. *Perez v. Ocwen Loan Servicing, LLC*, No. 4:15-CV-1751, 2015 WL 7430920, at *4 (S.D. Tex. Nov. 20, 2015) (citing *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 586 F. App'x 631, 633 (5th Cir. 2013) (per curiam)).

In addition, BOA attached to its motion to dismiss evidence of (1) the deed of trust recorded in Tarrant County, Texas dated May 23, 2008 for the benefit of MERS (dba Southwest Mortgage Lending, Inc.), and (2) a valid assignment of the deed of trust from Summit (dba Southwest Mortgage Lending, Inc.) to BOA that was recorded in Tarrant County, Texas on September 15, 2011. (ECF No 14-3). While the Court, generally, cannot review evidence outside the pleadings on a Rule 12(b)(6) motion, it can take judicial notice of documents in the public record such as a deed of trust and assignment. *Reece v. U.S. Bank Nat. Ass'n*, No. 4:13-CV-982-O, 2014 WL 301022, at *3 (N.D. Tex. Jan. 28, 2014), *aff'd*, 762 F.3d 422 (5th Cir. 2014). That is particularly so when the documents are at issue in the Plaintiff's pleading. *See Funk*, 631 F.3d at 783

(concluding the district court appropriately took judicial notice of public records directly relevant to the issue). Having taken judicial notice of BOA's properly recorded deed of trust and assignment, the undersigned finds that Owlia has failed to state a claim because no reasonable person could believe that BOA was not properly assigned the deed of trust.

## II.     The action should be dismissed with prejudice.

BOA asks the Court to dismiss this action with prejudice because there is no cognizable claim as a matter of law. There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction").

Nonetheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with prejudice is

7

also appropriate if a court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Owlia has not filed an amended complaint and has failed to respond to BOA's motion to dismiss even after the Court invited it to do so. (ECF No. 15). Moreover, it appears that Owlia has stated its best case in light of the Court taking judicial notice of BOA's properly recorded assignment of the deed of trust. Thus, any potential amended complaint would be futile because it would fail to state a claim upon which relief could be granted. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). Accordingly, Owlia's cause of action should be dismissed with prejudice.

## III. Owlia's request for injunctive relief is dismissed with the underlying cause of action.

"[A]n injunction is a remedy that must be supported by an underlying cause of action . . . ." *Crook v. Galaviz*, 616 F. App'x 747, 753 (5th Cir. 2015). The undersigned's recommendation that the Owlia's quiet title claim be dismissed also should result in dismissal of its claim for injunctive relief base on that single substantive cause of action. Accordingly, Owlia's claim for injunctive relief should be denied.

## CONCLUSION

The undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Motion to Dismiss (ECF No. 14) and **DISMISS** this action with **prejudice**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings,

Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed October 22, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE